# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRUCE M. VALIND,

        Plaintiff,

        v.                              Case No. 05-C-702

NATHAN WRIGHT, et al.,

        Defendants.

ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DOC. # 20), DENYING DEFENDANT GREGG GAYLORD'S MOTION FOR SUMMARY JUDGMENT (DOC. # 28), DENYING DEFENDANT JAMES PAWLAK'S MOTION TO COMPEL (DOC. #73), DENYING THE MOTION TO COMPEL FILED BY DEFENDANT ST. NICHOLAS HOSPITAL (DOC. # 84), AND DENYING THE MOTION TO COMPEL FILED BY DEFENDANTS SHEBOYGAN COUNTY SHERIFF'S DEPARTMENT, SHEBOYGAN COUNTY JAIL, CHAD FENN AND DEPUTY JUDD (DOC. # 105).

        Plaintiff, Bruce M. Valind, who is currently incarcerated at the Redgranite Correctional Institution, lodged this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. On November 4, 2005, he was permitted to proceed *in forma pauperis* on Fourth Amendment excessive force, Fourteenth Amendment medical care, Wisconsin tort law and conspiracy claims. This order addresses the following motions: (1) the plaintiff's motion to appoint counsel; (2) defendant Gregg Gaylord's motion for summary judgment; (3) defendant James Pawlak's motion to compel; (4) the motion to compel filed by defendant St. Nicholas Hospital; and (5) the motion to compel filed by Sheboygan County Sheriff's Department, Sheboygan County Jail, Chad Fenn and Deputy Judd.

### I. DEFENDANT GAYLORD'S MOTION FOR SUMMARY JUDGMENT

        On January 6, 2006, defendant Gaylord filed a motion for summary judgment. A district court cannot properly rule upon a motion for summary judgment without providing

the opposing party a "reasonable opportunity" to contradict the material facts asserted by the movant. *Lewis v. Faulkner*, 689 F.2d 100, 101 (7th Cir. 1982). This means that a *pro se* prisoner, who is a plaintiff in a civil case, is entitled to receive notice of the consequences of failing to respond to a motion for summary judgment or to a motion to dismiss supported by affidavits. *Id.*

The Local Rules provide:

Civil L.R. 56.1 Summary Judgment Motions in Pro Se Litigation

    (a)    If a party is proceeding pro se in civil litigation, and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:

        (1)    The motion must include a short and plain statement that any factual assertion in the movant's affidavits or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit(s) or other admissible documentary evidence contradicting the factual assertion.

        (2)    In addition to the foregoing statement, the text to Fed.R.Civ.P. 56(e) and (f), Civil L.R. 56.1, Civil L.R. 56.2, and Civil L.R. 7.1 must be part of the motion.

    (b)    This procedure also applies to motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) or motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) where matters outside the pleadings are presented to the Court.

Civil L.R. 56.1 (E.D. Wis.).

In this case, counsel for defendant Gaylord has not provided the plaintiff with the required notice statement. The defendant Gaylord's motion for summary judgment contains the short and plain statement, as well as Civil Local Rule 7.1 and Civil L.R. 56.1.

However, he did not include Civil L.R. 56.2, Fed. R. Civ. P 56(e) or Fed. R. Civ. P. 56(f). Summary judgment motion and response procedures are set forth in Civil L.R. 56.2, and Rule 56 (e) and (f) lay out the requirements for affidavits at the summary judgment stage. Because defendant Gaylord failed to comply with the Local Rules, his motion for summary judgment will be denied. Defendant Gaylord is advised that he may renew his motion for summary judgment, without refiling his supporting documents except for a notice he is required to provide the plaintiff in accordance with the Local Rules.

## II. PLAINTIFF'S MOTION TO APPOINT COUNSEL

On November 28, 2005, the plaintiff filed a motion to appoint counsel. In support of his request, the plaintiff states that: (1) he is a state prisoner and his incarceration prevents him from interviewing witnesses and investigating the facts; (2) he is indigent and, therefore, unable to obtain counsel on his own; (3) he does not have the type of knowledge that would "allow him to meaningfully research, prepare, file or present" the legal theory that is necessary to litigate this case; and (4) he had to ask for assistance from another prisoner when preparing his complaint and this prisoner is no longer available to assist him. (Plaintiff's Motion to Appoint Counsel at 1-2). Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). "As a threshold matter, litigants must make a reasonable attempt to secure private counsel." *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case him or herself and, if not, would the presence of counsel likely make

3

a difference in the outcome of the case. *Id.* (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, the plaintiff has provided evidence that he has attempted to obtain legal counsel on his own. (*See* Plaintiff's Letter of March 6, 2006, Exhs. E - G). However, the issues in this case appear at this stage to be straightforward and uncomplicated. Moreover, the plaintiff's filings since the complaint indicate that he is capable of litigating this case himself. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, the plaintiff's motion to appoint counsel is denied.

## III. MOTIONS TO COMPEL

Currently on file are three expedited, non-dispositive motions to compel brought pursuant to Civil L.R. 7.4 (E.D. Wis.) and Fed.R.Civ.P. 37(a). The court notes that all three motions comply with the requirements of Civil Local Rule 7.4.[1] Each motion seeks to compel

---

[1]**Civil L.R. 7.4 Expedited Non-Dispositive Motion Practice**

(a) Parties in civil litigation may seek non-dispositive relief by expedited motion. The motion must be designated as a "Rule 7.4 Expedited Non-Dispositive Motion."

(b) The motion must contain the material facts, argument, and if necessary, counsel's certification pursuant to Civil L.R. 37.1. The motion must not exceed 3 pages. The movant must not file a separate memorandum with the motion. The movant may file with the motion an affidavit for purposes of (1) attesting to facts pertinent to the motion and/or (2) authenticating documents relevant to the issue(s) raised in the motion. The movant's affidavit may not exceed 2 pages. The respondent must file a memorandum in opposition to the motion within 5 days of service of the motion, unless otherwise ordered by the Court. The respondent's memorandum must not exceed 3 pages. The respondent may file with its memorandum and affidavit for purposes of (1) attesting to facts pertinent to the respondent's memorandum and/or (2) authenticating documents relevant to the issue(s) raised in the motion. The respondent's affidavit may not exceed 2 pages. No reply brief is permitted absent leave of Court.

the plaintiff to provide the defendants with access to various records, and shall be addressed in turn.

### 1. Defendant Pawlak's Motion to Compel

Defendant Pawlak filed his motion to compel on May 1, 2006. He seeks an order compelling the plaintiff to produce a signed consent and authorization form for the release of medical and institutional records from: (1) Marsho Family Medical Group, S.C.; (2) Sheboygan County Detention Center; (3) St. Nicholas Hospital; (4) Redgranite Correctional Institution; (5) Dodge County Correctional Institution; (6) State of Wisconsin Department of Corrections (DOC); (7) Madison Memorial Hospital; (8) University of Wisconsin Hospital and Clinics; (8) Dr. Carrell; (9) Dr. Anderson; and (10) Dr. O'Brien. The plaintiff opposes defendant Pawlak's motion contending that it is overly broad.

Although Fed. R. Civ P. 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civ. L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." *Id.*

The parties have conferred on this matter. On February 21, 2006, the defendant sent the plaintiff authorizations for release of medical records regarding his care and

5

treatment. (Affidavit of Douglas S. Knott in Support of Rule 7.4 Expedited Non-Dispositive Motion to Compel [Knott Aff.] Exh. A). Notably, the defendant has not provided the court with copies of these authorizations. However, in his May 12, 2006, response to the defendant's motion to compel, the plaintiff attached a copy of a document entitled "Informed Consent and Authorization for Release of Confidential Information" that he received from the defendant. (Plaintiff's Response to Defendant Pawlak's Rule 7.4 Expedited Non-Dispostitive Motion to Compel [Plaintiff's Response] Exh. A). The document, which is addressed to UW Hospitals and Clinics, would authorize UW Hospitals and Clinics to provide the Law Firm of Leib & Katt, S.C.,

> permission to examine and/or obtain photostatic copies of any and all information which may be requested regarding [the plaintiff's] past or present physical condition and treatment rendered and to allow [the Law Firm of Leib & Katt, S.C.] or any physicians appointed by them to examine and copy any and all records of any kind and sort in your possession, including but not limited to transcripts, reports, records, writings and inquiries whether academic, medical, psychiatric, psychological, x-rays or other images (i.e, C.T. Scans, MRI, pathology slides/blocks, etc.) which [UW Hospitals and Clinics] may have regarding [the plaintiff's] condition treatment.

*Id.*

The plaintiff has also submitted with his response a second form entitled "Informed Consent and Authorization for Release of Confidential Information," which is addressed to the Wisconsin Department of Corrections. (Plaintiff's Response Exh. B). This form states in relevant part:

> I, Bruce M. Valind, hereby authorize and direct you to allow the Law Firm of Leib & Katt, S.C. or its representatives to review and/or receive photostatic copies of the inmate complaints and related documents I have filed while incarcerated. This authorization pertains to the inmate complaints I have filed, the

6

> statements and materials that I provided along with those complaints, as well as the institution, employees, and Department of Corrections' response and other materials related to my inmate complaints. I further authorize the release of documents related to my incarceration including, but not limited to security logbooks, behavior logs and other documents maintained by correctional staff.

*Id.*

In a March 6, 2006, letter to the court, the plaintiff stated that he had been receiving "all sorts of consent forms and written Interrogatories and medical releases from a number of the attornies (sic) representing the defendants" and that he did not know what he should "sign or consent to." (Knott Aff. Exh. D). Also, by letter of April 20, 2006, the plaintiff told the defendant that he would refuse to sign the authorizations unless otherwise directed by the court. (Knott Aff. Exh. C). Then, on May 12, 2006, the plaintiff filed his response to the defendant's motion, that states in part, "[t]hese consent and release forms are asking me to waive my right to privacy beyond the information relevant to this case." (Plaintiff's Response ¶4). Specifically, he contends that the defendant's motion to compel has asked for information that goes "way beyond what they are claiming...and what has to do with this case." (Plaintiff's Response ¶2).

In general, parties may obtain discovery regarding any matter which is relevant, pursuant to Federal Rule of Civil Procedure 26(b)(1). The court may, on its own initiative, limit discovery where the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the importance of the proposed discovery in resolving the issues before the court. Fed. R. Civ. P. 26(b)(2). Additionally, any motion to compel discovery must include some indication that the moving party has in good faith conferred or attempted to confer with

7

the party failing to make the discovery in an effort to secure the information without court action. Fed. R. Civ. P. 37(a)(2)(B).

The record reflects that the defendant's consent and release forms, as contained in the plaintiff's exhibits A and B, request information beyond the scope of this lawsuit. In particular, the defendant has requested academic, psychiatric and psychological records in addition to information concerning the plaintiff's medical care. Further, it appears that the defendant has requested, without limitation, copies of all the inmate complaints the plaintiff has filed while he has been in DOC custody. The plaintiff has objected to providing all this information. The record also reflects that the plaintiff has promptly responded, or made an attempt to respond to, the defendant's discovery requests. Under these circumstances, the defendant's motion to compel discovery will be denied.

**2.     Motion to Compel filed by Defendant St. Nicholas Hospital**

On May 16, 2006, defendant St. Nicholas Hospital filed a motion to compel, requesting that the court issue an order compelling the plaintiff to: (1) respond to the defendant's interrogatories and request for production of documents; and (2) produce signed consent and authorization forms for the release of medical and institutional records. The defendant states that the plaintiff was served with several authorizations for the release of medical records on December 6, 2005. (Affidavit of Terri L. Weber [Weber Aff.] ¶3). Furthermore, the plaintiff was served with a copy of the defendant's "First Set of Written Interrogatories and Request to Produce Documents" on February 2, and May 4, 2006. (Weber Aff. ¶¶5 &7; Exhs. B & C). However, the plaintiff has failed to sign the medical authorizations and he has not responded to the interrogatories. (Weber Aff. ¶8). In addition, the plaintiff has

stated he "will not give [his] consent or sign anything unless ordered by the court." (Plaintiff's Letter of March 6, 2006).

After a thorough review of the file in this case, it is unclear to what extent the parties have conferred on this issue. Regardless, the defendant has not provided the court with copies of the medical authorization requests or the interrogatories that were propounded upon the plaintiff. Thus, it is impossible to ascertain whether the defendant's medical authorization requests and interrogatories conform with Fed. R. Civ. P. 37, and the court cannot compel the plaintiff to respond to these discovery requests. Accordingly, the defendant's motion to compel will be denied.

### 3. Motion to Compel Filed by Defendants Sheboygan County Sheriff's Department, Sheboygan County Jail, Chad Fenn and Deputy Judd.

On July 24, 2006, defendants Sheboygan County Jail, Sheboygan County Sheriff's Department, Chad Fenn and Deputy Judd filed a motion to compel, asking the court to: (1) order the plaintiff to respond to the defendant's request for medical authorizations for disclosure of medical records; and (2) award the defendants reasonable expenses incurred in making the motion, including attorney's fees. In support of their request, the defendants state that the plaintiff was sent an Authorization for the Disclosure of Non-Health Confidential Information and an Authorization for Protected Health Information on February 3, 2006. (Affidavit of Timothy H. Posnanski [Posnanski Dec.] ¶2; Exh. A). The Authorization for the Disclosure of Non-Health Confidential Information requests information concerning the plaintiff's "Institution Social Service File," "Legal," "Division of Community Corrections File," a "Two-way Release," "Education," "Employment," and "any and all" remaining information.

9

(Posnankski Dec. Exh. A at 7). The Authorization for Protected Health Information seeks, in part:

> all patient health care records whose confidentiality is protected by Federal and Wisconsin laws...[t]hese records include reports and findings relating to care, evaluation, testing, history, progress, diagnosis, prognosis and treatment, including summaries, team conference reports, medical, surgical, pathological, psychiatric, psychological, pharmaceutical, school, vocational, social service, and day service reports.

(Posnanksi Dec. Exh. A at 2). The plaintiff did not return the authorizations that were sent to him on February 3, 2006. (Posnanksi Dec. ¶4). Rather, he enclosed with the defendants' pre-paid envelope a piece of correspondence. *Id.* Subsequently, on March 9, 2006, the defendants sent the plaintiff another letter requesting that he sign and return the two authorizations. (Posnanksi Dec. ¶5). To date, the plaintiff has not responded to this letter. (Posnanksi Dec. ¶6).

Based on this information, it is unclear whether the parties have conferred on this issue as required by Fed. R. Civ. P. 37(a). Although they may have attempted to resolve their dispute during the course of their correspondence, such information has not been presented to the court. Further, the defendants' discovery requests, as contained in the Authorization for the Disclosure of Non-Health Confidential Information and the Authorization for Protected Health Information, request information that is beyond the scope of this lawsuit. In particular, the defendants have asked for the plaintiff's psychiatric, psychological, school, vocational and social service records even though the instant action does not concern any of these subjects. In light of the foregoing, the defendants' motion to compel must be denied.

**IT IS THEREFORE ORDERED** that defendant Gregg Gaylord's motion for summary judgment (Doc. # 28) is **DENIED.**

10

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Doc. # 20) is **DENIED.**

**IT IS ALSO ORDERED** that defendant James Pawlak's motion to compel (Doc. #73) is **DENIED.**

**IT IS ORDERED** that defendant St. Nicholas Hospital's motion to compel (Doc. # 84) is **DENIED.**

**IT IS ORDERED** that defendants Sheboygan County Sheriff's Department, Sheboygan County Jail, Deputy Judd and Chad Fenn's motion to compel (Doc. # 105) is **DENIED.**

Dated at Milwaukee, Wisconsin, this 16th day of August, 2006.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge